IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWIGHT ROMARO BRANCH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-3171-G-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Dwight Romaro Branch, a federal prisoner, has submitted a motion to file an out-of-time 28 U.S.C. § 2255 motion [Dkt. No. 2] and an accompanying motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion to file an out-of-time petition should be denied, and the Section 2255 motion should be dismissed on limitations grounds.

**Background**

Petitioner pled guilty to two counts of bank robbery, one count of using a firearm during a crime of violence, and two counts of being a felon in possession of a firearm. He was sentenced to a total term of 20 years of imprisonment in May 1993. *See United States v. Branch*, No. 3:93-cr-0004-G (N.D. Tex. May 26, 1993).[1] He did not file a direct appeal or collaterally challenge his federal sentence in any proceeding. Now, over 20

---

[1] Petitioner was also convicted of the Texas offense of aggravated robbery with a deadly weapon later in 1993 and was sentenced to life imprisonment. He was paroled by state authorities on or about November 21, 2011 and was transferred to the Bureau of Prisons.

years after his conviction, he has filed this motion to vacate, set aside, or correct sentence.

In one ground for relief, Petitioner contends that his guilty plea was unknowing and involuntary because there was no factual basis for his guilty plea to the two counts of being a felon in possession of a firearm, he was not properly informed of the statutory range of imprisonment for using a firearm in furtherance of a crime of violence, and he did not understand that his federal sentences would run consecutively to his state sentence. *See* Dkt. No. 7. The United States has submitted a preliminary response to Petitioner's Section 2255 motion in which it argues that this case is barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. *See* Doc. No. 11. Respondent has also addressed Petitioner's motion to file an out-of-time petition. *See* Dkt. No. 14. Petitioner addressed the limitations issue in the motion to file an out-of-time petition. *See* Dkt. No. 2.

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

The United States Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

**Analysis**

Judgment was entered on May 26, 1993. *See United States v. Branch*, No. 3:93-cr-0004-G. Petitioner did not file a timely notice of appeal. Accordingly, his conviction became final 10 days thereafter. *See United States v. Williams*, 990 F.2d 626 (table), 1993 WL 117872, at *1 (5th Cir. 1993) (citing former version of FED. R. APP. P. 4(b)). He submitted his motion to file an out-of-time Section 2255 motion for mailing on or about August 6, 2013. The AEDPA and its one-year limitations period became effective when it was signed into law on April 24, 1996. *See United States v. Patterson,* 211 F.3d

927, 929 (5th Cir. 2000). The Fifth Circuit has therefore allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores,* 135 F.3d 1000, 1005 (5th Cir. 1998); *see also Flanagan v. Johnson,* 154 F.3d 196, 202 (5th Cir. 1998) (clarifying that one-year grace period extends filing date to April 24, 1997). His federal habeas application is therefore untimely by over 16 years.

Petitioner seeks equitable tolling, contending that he has exercised due diligence in trying to obtain copies of the criminal docket sheet, plea agreement, factual resume, and sentencing transcript but that the Clerk of the Court has not provided the requested information. *See* Dkt. No. 2 at 2-3. Initially, Petitioner submits no evidence that any of these documents were necessary to the filing of a timely Section 2255 motion. Because the instant application was filed over 20 years after his conviction became final, Petitioner falls well short of establishing due diligence in asserting his claims. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000); *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights"). Moreover, Petitioner does not allege – much less establish – that the extensive delay in raising his habeas claims is due to wrongdoing on the part of Respondent. "'Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Larry v. Dretke,* 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999)). Neither does Petitioner assert, or, for that matter, establish, actual innocence.

Petitioner has not satisfied his burden of showing that he is entitled to equitable

tolling or that the AEDPA's one-year limitations period should not be enforced.

### Recommendation

Petitioner's motion to vacate, set aside, or correct sentence should be dismissed with prejudice because it is barred by limitations. Petitioner's motion to file an out of time Section 2255 motion [Dkt. No. 2] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 26, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE